UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADONTE MARIO GAINES-GRACY )<br>    Plaintiff, )<br>    )<br>CITY OF JENNINGS )<br>Serve: Authorized representative )<br>    2120 Hord Ave., )<br>    Jennings MO  63136 )<br>    )<br>OFFICER LEVY, DSN 3764 )<br>Serve: St. Louis County Police Department )<br>    Bureau of Professional Services )<br>    7900 Forsyth Blvd. )<br>    St. Louis MO  63105 )<br>    )<br>OFFICER LEE, DSN 4220 )<br>Serve: St. Louis County Police Department )<br>    Bureau of Professional Services )<br>    7900 Forsyth Blvd. )<br>    St. Louis MO  63105 )<br>    )<br>    Defendants. ) | Cause No.<br><br>JURY TRIAL DEMAND |

## COMPLAINT

### Introduction

1. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff Ladonte Mario Gaines-Gracy (hereafter "Gaines-Gracy") seeks money damages that Defendants' actions violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution and under common law of the State of Missouri and against Officer Levy, DSN 3764 and Officer Lee, DSN 4220 as officers of the County of St. Louis in their individual capacities and against the City of Jennings. In addition, because the Officers' actions were intentional and without just cause or excuse and because the Officers committed the torts of assault, battery and false imprisonment, Gaines-Gracy invokes this Court's supplemental jurisdiction over his state-law claims.

### Jurisdiction and Venue

2. This action arises under the Constitution of the United States, the provisions of 42 U.S.C. § 1983 and 1988 and Missouri law.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in St. Louis County, Missouri.

6. Venue is proper in the Eastern Division pursuant to E.D. Mo. L.R. 2.07(A)(1).

**Parties**

7. Plaintiff, Gaines-Gracy, was at all times relevant to this Complaint a resident of the County of St. Louis, Missouri.

8. Defendant Officer Lee was at all times relevant to this Complaint a police officer with the County of St. Louis and duly appointed to act in partnership with the City of Jennings.

9. Defendant Officer Levy was at all times relevant to this Complaint a police officer with the County of St. Louis and duly appointed to act in partnership with the City of Jennings.

10. Defendant City of Jennings is a municipal corporation and political subdivision of the State of Missouri.

11. On or about February 18, 2014, Lee and Levy encountered Plaintiff and interacted with him as described in this Complaint.  They are sued in their individual capacities.

12. Defendants acted, and continue to act, under color of state law at all times relevant to this Complaint.

**Facts**

13.  Plaintiff is informed and believes, and on the basis of such information and belief alleges, that the City of Jennings in partnership with St. Louis County and its Police Department along with Defendants Lee and Levy, with deliberate indifference, gross negligence, and reckless disregard for the safety, security, and constitutional and statutory rights of Plaintiff Gaines-Gracy, maintained, enforced, tolerated, permitted, acquiesced, and applied policies, practices or customs and usages of among other things;

a) Subjecting citizens to unreasonable uses of force against their persons;

b) Selecting, retaining, and assigning deputies with demonstrable propensities for excessive force, violence, and other misconduct;

c) Failing to adequately train, supervise, and control deputies in the arts of law enforcement, including, without limitation, the taking into custody of persons such as Plaintiff,  without seriously injuring or killing them;

d) Failing to adequately discipline officers involved in misconduct; and

e) Condoning and encouraging officers in the belief that they can violate the rights of persons, such as Plaintiff, with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

14. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendant City of Jennings ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting Defendants Lee and Levy to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraphs.  Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of Plaintiff Gaines-Gracy.

15. On or about February 14, 2014 Gaines-Gracy was walking alone, East on Cozens Avenue on his way to 8150 Edna in the County of St. Louis, State of Missouri.

16. In and around the area where Gaines-Gracy was walking, the sidewalks were covered by snow and ice.

17. Gaines-Gracy, for safety concerns, was walking on a part of the street that was plowed Eastbound on Cozens Avenue, against traffic and reasonably close to the curb.

18. On or about February 14, 2014 Lee and Levy were on active duty patrolling in their vehicle the area around Cozens Avenue, St. Louis MO.

19. In and around the area where Gaines-Gracy was stopped, the sidewalks were covered by snow and ice.

20. Gaines-Gracy first witnessed police officers Lee and Levy approaching Westbound on Cozens Ave., as Defendants' vehicle passed Gaines-Gracy.

21. Once Defendants' vehicle passed Gaines-Gracy, Defendants vehicle made a U-Turn and then approached Gaines-Gracy.

22. Gaines-Gracy complied with the request of Defendants to stop.

23. Gaines-Gracy fully responded to questions posed by Defendants Lee and Levy.

24. Defendants ordered Gaines-Gracy to place his hands where they could see them.  He complied.

25. Gaines-Gracy informed the officers that he was headed to a house down the street and that he was not on the sidewalk as the sidewalk was covered with snow and ice.

26. Defendants Lee and Levy never instructed Gaines-Gracy to move onto the snow and ice covered sidewalk.

27. Gaines-Gracy made no overt, sudden or subtle movement that would cause Defendants Lee and Levy any concern for their safety.

28. Gaines-Gracy made no overt, sudden or subtle movement that would cause Defendants Lee and Levy to grab Gaines-Gracy.

29. Defendants Lee and Levy held Gaines-Gracy choking him, bruising his neck, arms, and torso and on multiple occasions administered several 5 second Taser cycles.

30. Defendants forced Gaines-Gracy to the ground and handcuffed him.

31. The force used against Gaines-Gracy was unnecessary, unreasonable and excessive.

32. Defendants arrested Gaines-Gracy, and he was taken by Defendants in custody to the City of Jennings Police Department where Gaines-Gracy was detained.

33. During the time Gaines-Gracy was in custody he was not offered any medical assistance by Defendants or any other City of Jennings police officer or personal.

34. Eventually Gaines-Gracy was released from the City of Jennings Police station.

35. At no time during the events described above was Gaines-Gracy intoxicated, a threat to the safety of himself or others or disorderly.

36. At no time during the events described above had Gaines-Gracy committed any criminal offenses.

37. Defendants Lee and Levy had no warrant to arrest Gaines-Gracy.

38. Defendants Lee and Levy had no probable cause to arrest Plaintiff and no legal cause or excuse to seize him.

39. At all times during the events described above, Defendants Lee and Levy were acting in concert to assist each other in performing various actions described herein.

40. As the direct and proximate result of the Defendants' actions and inactions, Plaintiff Gaines-Gracy suffered the following injuries and damages:

   a). Violation of his rights under the Fourth Amendment and Fourteenth Amendment, for the unreasonable search and seizure of his person without reasonable suspicion, a warrant, or probable cause;

b). Freedom from the use of excessive, unreasonable and unjustified force against his person.

c). Assault and battery causing physical injury;

d). False imprisonment causing deprivation of his liberty;

## COUNT I

Violation of Civil Rights - 42 U.S.C. §1983 Fourth Amendment –

Unreasonable Seizure of Gaines-Gracy Against Defendant Lee

41. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph 1-40 as if each were set forth here verbatim.

42. Plaintiff Gaines-Gracy claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant Lee for violating Gaines-Gracy's constitutional rights under the Fourth and Fourteenth Amendments.

## COUNT II

Violation of Civil Rights - 42 U.S.C. §1983 Fourth Amendment –

Unreasonable Seizure of Gaines-Gracy Against Defendant Levy.

43. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph 1-42 as if each were set forth here verbatim.

44. Plaintiff Gaines-Gracy claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant Levy for violating Gaines-Gracy's constitutional rights under the Fourth and Fourteenth Amendments.

## COUNT III

Assault and Battery against Defendants Lee and Levy

45. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph 1-44 as if each were set forth here verbatim.

46. Defendants Lee and Levy assaulted and battered Plaintiff Gaines-Gracy.

47. As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

## COUNT IV

False Arrest and Illegal Imprisonment against Defendants Lee and Levy

48. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph 1-47 as if each were set forth here verbatim.

49. Defendants Lee and Levy illegally arrested and illegally imprisoned Plaintiff Gaines-Gracy.

50. As a result of this false arrest and illegal imprisonment, Plaintiff suffered damages as aforesaid.

## COUNT V

Violation of Civil Rights - 42 U.S.C. §1983 against Defendant City of Jennings

51. Plaintiff incorporates herein by reference the allegations made in each preceding paragraph 1-50 as if each were set forth here verbatim

52. Defendant City of Jennings maintains the policy or custom of stopping and seizing individuals without reasonable suspicion of committing a crime.

53. Defendant City of Jennings maintains the policy or custom of stopping African American youths on public streets.

54. Defendant City of Jennings developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Jennings which caused the violation of Plaintiff Gaines-Gracy's rights.

55. It was the policy and/or custom of the City of Jennings to inadequately supervise and train police officers, including defendants Lee and Levy, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

56. Defendant City of Jennings did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

57. As a result of the above described policies and customs, police officers including Defendants Lee and Levy believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

58. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Jennings to the constitutional rights of persons within the City and were the cause of the violations of Plaintiff's rights alleged herein.

59. Plaintiff Gaines-Gracy's injuries described herein were proximately caused by the policies or customs of the City of Jennings.

WHEREFORE, Plaintiff Gaines-Gracy prays this Court:

A. Award compensatory damages to Gaines-Gracy against Defendants jointly and severally;

B. Award Plaintiff's costs, including reasonable attorneys' fees on all counts; and

C. Award punitive damages against Defendants Lee and Levy jointly and severally; and

D. Allow such other and further relief as this Court deems just and equitable.

/s/ Jeff Weisman
Jeff Weisman, Esq.
1221 Locust Street, Suite 800
Saint Louis, MO  63103
(314) 231-2020 x13
(314) 231-2016 / Fax
Email:  jeff@weismanlaw.com
ATTORNEY FOR PLAINTIFF

/s/ Peter P. Fiore, Jr.
Peter Fiore, Jr., Esq.
1221 Locust Street, Suite 813
Saint Louis, MO  63103
(314) 231-2020 x17
(314) 231-2016 / Fax
Email:  cohenstonepf@sbcglobal.net
CO-COUNSEL FOR PLAINTIFF